

RECEIVED

NOV 1 4 2016

CLERK OF DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

|  |  |
|---|---|
| SCOTT E. JONES, plaintiff pro se, <br> And <br> SHILO M. JONES, plaintiff pro se, <br><br> v. <br><br> GENESIS HEALTH SYSTEM, a <br> Corporation, RHONDA HANCE, R.N., <br> KIM BUSH, R.N., BRADLEY A. <br> BOURKLAND, M.D., GENESIS <br> AMBULANCE SERVICES, JODI JONES, <br> EMT-B, JEFFREY SCHMITT, EMT-P, <br> JOHN GILBERT, EMT-P, JOE <br> SNODGRASS, EMT-P, DEWAYNE <br> SUTTON, EMT-P, ROBERT BAUSTIAN, <br> ECHO, LTD, Corporation, GENESIS <br> AMBULANCE SERVICES,a corporation <br> Defendants | CASE NO. ___3:16-CV-106 RP-CFB___ <br><br> COMPLAINT <br> AND JURY DEMAND |

COME NOW the above- named plaintiffs and in support of their causes of action against the above named defendants,state as follows:

### JURISDICTIONAL AND FACTUAL ALLEGATIONS

### Parties, Jurisdiction and Venue

1. Plaintiff, Scott E. Jones( henceforth referred to as Scott), is a citizen of the United States residing at 603 9th avenue W. in Milan, Illinois 61264.
2. Plaintiff, Shilo M. Jones (henceforth referred to as Shilo), is the spouse and caregiver of plaintiff Scott E. Jones and resides at 603 9th avenue W. in Milan, Illinois 61264.
3. At all relevant times, plaintiffs resided at 80 Jefferson Toronto, Iowa 52777.
4. Defendant, Genesis Health Systems is an Iowa corporation, with business offices located at 1227 East Rusholme Davenport, Iowa 52803, and did so at all relevant times.

5. Genesis Health Systems provides medical care services in the DeWitt, Iowa community. Specifically it owns and operates the Genesis Medical Center DeWitt Campus located at 1118 11th street, DeWitt, Iowa 52742, and did so at all relevant times.

6. Genesis Ambulance Services provides medical transportation services in the DeWitt, Iowa community and is located at 1118 11th St, DeWitt, IA 52742,  and is owned by Genesis Health Systems and was so at all relevant times.

7. At all relevant times, defendant, Rhonda Hance, R.N., was a licensed registered nurse who worked in the Emergency Department at Genesis DeWitt. Hance came in contact with plaintiffs on November 14th, 2014.

8. At all relevant times, defendant, Kim Bush, R.N., was a licensed registered nurse who worked in the Emergency Department at Genesis DeWitt and came in contact with plaintiffs on November 14th, 2014.

9. At all relevant times, defendant Bradley A. Bourkland, M.D., was a licensed and registered emergency room physician and worked in the Emergency Department at Genesis  DeWitt and came in contact with plaintiffs on November 14th, 2014.

10. At all relevant times, defendant Jodi Jones, EMT-B, was a licensed and registered Emergency Medical Technician Basic, employed by Genesis Ambulance, and came in contact with plaintiffs on November 14th, 2014.

11. At all relevant times, defendant Jeffrey Schmitt, EMT-P, was a licensed and registered Emergency Medical Technician Paramedic employed by Genesis Ambulance and came in contact with plaintiffs on November 14th, 2014.

12. At all relevant times, defendant John Gilbert, EMT-P, was a licensed and registered Emergency Medical Technician Paramedic employed by Genesis Ambulance, and came in contact with plaintiffs on November 14th, 2014.

13. At all relevant times, defendant Joe Snodgrass, EMT-P, was a licensed and registered Emergency Medical Technician Paramedic, and came in contact with the plaintiffs on November 14th, 2014.

14. At all relevant times, defendant DeWayne Sutton, EMT-P, was a licensed and registered Emergency Medical Technician Paramedic employed by Genesis Ambulance and came in contact with the plaintiffs on November 14th, 2014.

15. At all relevant times, defendant Robert Baustian, is a paramedic and billing coordinator for Genesis Ambulance Services and had access to the plaintiff Scott E. Jones, medical records.

16. At all relevant times, defendant ECHO,LTD. was a corporation that provides medical care services in Iowa communities including Genesis Medical Center- DeWitt campus, and its main offices are located at 801 Illini Dr, Silvis, Illinois 61282.

17. This court is in jurisdiction under 28 U.S.C. § 1331, as claims are made herein under the laws of the United States. This court has supplemental jurisdiction over the state law claims, and over the non-diverse defendants on those claims, under 28 U.S.C. § 1367(a). Venue is proper under 28 U.S.C. § 1391(b), as the events giving rise to claims occurred in this district.

18. On November 14th, 2014, at approximately 11:21 am, Scott, was brought by his wife Shilo, to the Emergency Department at Genesis-DeWitt suffering with difficulty breathing associated with Acute Respiratory Failure

19. Upon arrival at Genesis DeWitt Emergency Department Scott was taken by wheelchair directly to an Emergency Room bed and had immediate interactions with defendants Rhonda Hance R.N. and Kim Bush R.N.

20. Scott was immediately placed on a BiPap mask with high oxygen flow and given a breathing treatment to help clear the bronchial passage and allow better air intake.

21. It was known at the time Scott presented at Genesis Dewitt on November 14th, 2014 that he had a history of seizure type activity, Pulmonary Fibrosis, Respiratory Failure, Anxiety and Depression. This was stated in his medical records for his visit that day.

22. During review of Scott's medical history Rhonda Hance, R.N., verified Scott's history of seizure like activity brought on by stress.

23. Inquiry was also made by Nurse Hance if Shilo or Scott had a religious preference.

24. Shilo specifically stated neither she nor Scott wished to have no religious affiliation or support given by Genesis Staff.

25. AT 11:33 am Scott was given a complete Emergency Medical Examination by Bradley A. Bourkland M.D.

26. Dr. Bourkland documented that Scott was Alert, in severe distress, ill-appearing but had no tenderness to the back or musculoskeletal and Neurologically was Alert and oriented to person, place, time, and situation.

27. Scott had no documented complaints of pain.

28. Dr. Bourkland ordered several tests including EKG, Chest x-rays, ABGs and numerous blood draws related to Scott's Respiratory distress.

29. After Scott's breathing showed improvement, Dr. Bourkland phoned University of Iowa Hospital at 12:19pm on November 14th, 2014 and spoke with Dr. Danielson regarding Scott's need for further respiratory care beyond Genesis Dewitt's capabilities.

30. At 12:43pm on November 14th, 2014, Nurse Hance presented to Scott's room and offered spiritual care to Shilo. At this time Shilo declined to have a pastor visit with she or Scott and informed Nurse Hance again that they (Scott and Shilo) did not practice religion.

31. At 12:56pm Dr. Bourkland University of Iowa Hospitals was consulted regarding non-stabilized transfer of Scott due to Respiratory Failure. Transfer was accepted by the Medical Intensive Care Unit in the University of Iowa Hospital.

32. Nurse Hance documented that at 1:10pm she faxed a  face sheet regarding Scott's transfer for Respiratory Failure to University of Iowa Hospitals.

33. At 1:12 pm Dr. Bourkland presented to Scott's room and discussed the pros and cons of Scott's being transferred in an unstable condition with Shilo and Scott and provided an Emergency Medical Condition Transfer Certification and Consent Form, in which it states patient unstable, needing higher level of care despite the medical risks of deterioration of condition and a time delay to treatment during ground transportation.

34. At 1:23 pm on November 14th, 2014 Shilo as Scott's request signed the Emergency Medical Condition Transfer Certification and Consent Form agreeing to transfer Scott to University of Iowa Hospitals.

35. At 2:10 pm on November 14th, 2014, Nurse's notes document that Nurse Hance called in Scott's transfer report to Emily,R.N., at the University of Iowa Hospital MICU. This is the final documented communication between Genesis DeWitt Emergency Department and University of Iowa Hospital regarding Scott's health or transfer.

36. At approximately 2:15 pm on November 14th, 2014, Genesis, Pastor Becky Nissan, at the request of Nurse Hance, presented to Scott's Emergency Room and attempted to begin spiritual consultation with Shilo and Scott. Scott and Shilo declined the consultation and restated he did not want or need the spiritual care provided by the hospital.

37. Pastor Nissan was in the Emergency Room when Genesis Ambulance #1751 staff came to get Scott for transfer.

38. At 2:23 pm on November 14th, 2014 Emergency Medical Technicians John Gilbert, Jeffrey Schmidt, and Jodi Jones made patient contact with Scott in the Genesis DeWitt Emergency Department and began examining Scott for transfer to University of Iowa.

39. During this time Scott was listed by EMT John Gilbert as alert, oriented with an unremarkable physical exam. Scott was further documented by EMT Gilbert as able to stand and transfer to the ambulance stretcher on his own while commenting that "he" (Scott) was "feeling alright and ready to transport"

40. During the medical review by Genesis EMT's Shilo was present in Scott's room and was witness to the verbal Medical history, including known 'pseudo seizures' activity and their cause, presented by Nurse Hance to EMT Gilbert and EMT Schmitt.

41. EMT's John Gilbert and Jeffrey Schmitt secured Scott to the emergency transport gurney by three seat belt type straps located across the chest, hips, and leg area.

42. The emergency gurney used by Genesis Ambulance #1751 is equipped with a shoulder harness system which crosses the patient's shoulder and chest area and locks into an additional strap. The purpose of this shoulder harness is to stop a patient from "sliding" head first out of the gurney during a sudden stop by the ambulance driver. Thus insuring the patient's safety.

43. Scott was not secured by the gurney's shoulder harness system prior to transport by EMT's Gilbert or Schmitt.

44. Prior to leaving Scott's room in the Emergency Department Shilo was presented with a form titled the Advanced Beneficiary Notice of Noncoverage (ABN Form) by EMT John Gilbert. Shilo was asked to sign and date the form as well as mark option 1 stating she understood Medicare / Medicaid may not cover the ambulance transfer.

45. The ABN form was signed but no copy was given to Scott or Shilo.

46. At 2:28 pm Scott's care was transferred from Genesis Dewitt Emergency Department Staff to Genesis Ambulance #1751 EMT's Gilbert, Schmitt, and Jones and Scott was loaded into Genesis Ambulance #1751 for transport. Thus ending Scott's care and treatment at Genesis Dewitt Emergency Department.

47. It was known by Genesis EMT's Gilbert, Schmitt and Jones, at the time Scott's care was transferred to them on November 14th, 2014 at 2:28 pm that he had a history of seizure type activity, Pulmonary Fibrosis, Respiratory Failure, Anxiety and Depression. This was stated in his medical records for his visit that day.During this time Shilo left the Genesis Dewitt Emergency Department in her own vehicle.

48. Shilo stopped at the Casey's General store located at 1515 11th street in Dewitt Iowa before proceeding to the University of Iowa Hospitals in Iowa City.

49. At 2:29 pm on November 14th, 2014, Genesis Ambulance #1751 carrying patient Scott, EMT's John Gilbert and Jeffrey Schmitt and EMT Jodi Jones left Genesis Dewitt Emergency Department with EMT, Jones, as the driver.

50. At approximately 2:30 pm on November 14th, 2014, Genesis Ambulance was headed West on 11th street in Dewitt Iowa towards Highway 61, with lights and siren activated.

51. As Genesis Ambulance #1751 approached the intersection of 11th street and Maynard Way in Dewitt, Iowa, a silver Chevy truck driven by Donnie Christiansen of Charlotte, Iowa, made an illegal left hand turn onto Eastbound 11th street from the right turn lane on Maynard Way directly in front of Genesis Ambulance #1751.

52. In an evasive maneuver EMT Jones 'slammed' on her brakes at a high rate of speed causing Scott to slide forward several inches off the gurney and suffer trauma to his (Scotts) head, neck and face.

53. EMT Jones then swerved the ambulance to the left to avoid hitting the pickup, causing the gurney Scott was on to tip to the left/ drivers side of the ambulance and into the medical equipment thus causing severe trauma to Scott's neck, abdomen, arms, and back.

54. EMT Jones' quick reaction resulted in the Mr. Christiansen hitting Genesis Ambulance #1751 on the passenger's door and front quarter panel leaving the Ambulance undrivable.

55. Dewitt police officer Jacob Costas received the dispatch call at 2:30 pm on November 14th, 2014 and arrived with a few minutes to the accident scene.

56. Witness to the collision was Shilo, whom was in her own private vehicle exiting the west most exit of Casey's.

57. Shilo heard the sirens of Genesis Ambulance #175, which was just leaving the Genesis Dewitt Hospital parking area, and was waiting for the ambulance to pass by so she could follow her husband Scott to Iowa City.

58. Immediately, Shilo ran to the ambulance and checked on EMT Jones who was dazed and injured in the driver's compartment.

59. EMT Jones took several moments to respond to Shilo, who was hitting the drivers window and asking if she was alright.

60. As EMT Jones rolled down her driver's side window she told Shilo she was injured but able to radio in for assistance.

61. Shilo then went around to the patient compartment to check on Scott and saw EMT Schmitt standing outside the rear ambulance doors.

62. Dewitt police and fire had not arrived at the scene at this time.

63. As Shilo entered the patient compartment she was shocked to see the gurney Scott was laying on tipped to the driver's side of the ambulance and Scotts head hanging up off the gurney.

64. Scott's oxygen mask had been knocked off and Scott was crying that his neck hurt and was repeating " get me out of here" as EMT Gilbert attempted to re-secure the Bipap face mask on Scott while holding both sides of Scott's head to provide manual stabilization to Scott's neck.

65. When Shilo approached Scott she was able to see his face was swelling, red and starting to bruise on the right side.

66. Scott noticed Shilo and began asking for help, stating his neck hurt because they (EMT's Gilbert and Schmitt) had dropped him (Scott).

67. Shilo was attempting to console Scott and let him know he was not dropped when Scott began to seize.

68. Scott's eyes then rolled up and Scott began gurgling and was clearly in seizure activity as his vital machine started alarming. Shilo repeatedly stated to EMT Gilbert to help Scott because he was seizing.

69. The seizure activity Scott was presenting was not similar to the "blackouts" Shilo has seen him have before this activity was a full convulsive seizure and terrifying.

70. Pulsometer attached to the Bipap was clearly showing Scott's heart rate was elevated, blood pressure was increased significantly and his oxygen intake was decreased.

71. EMT Gilbert began telling Scott "come back to me Scott" "It's ok an ambulance is on the way"

72. Scott's vitals are noted in EMT Gilbert's transport notes as being taken at 2:48 pm, 2:52 pm and again at 2:56 pm prior to transfer from crash site to Ambulance #1752.

73. At 2:56 pm Genesis Ambulance # 1752  arrived at the crash site.

74. EMT Gilbert maintained manual stabilization of Scott's neck while assisting Ambulance #1752 EMT's Dewayne Sutton and Joe Snodgrass in moving the damaged gurney Scott was laying on from crashed ambulance # 1751 to Genesis Ambulance #1752.

75. Scott was still unresponsive to the EMT's question and was clearly in an altered state during transfer from ambulance #1751 to ambulance # 1752.

76. Prior to leaving the crash site in Ambulance #1752 EMT Gilbert phoned Genesis Dewitt Emergency Department on his cell phone and notified staff that Scott had suffered injuries

after sliding off the gurney and was being provided manual immobilization of the c spine after he (Scott) complained of neck injuries.

77. There is no documentation in Scott's Medical Records by Genesis Dewitt Emergency Department Staff regarding EMT Gilbert 's phoning ahead to the Emergency Department and notifying the staff that Scott had suffered injuries to the head, neck and back regions after sliding off the gurney.

78. Upon information and belief, hospital rules and regulations required that all communication regarding a patient's condition be documented inside of the patient's medical record with accurate time and information.

79. At 3:01 pm on November 14th, 2014, Genesis Ambulance #1752 carrying Scott and EMT Gilbert, left the crash site at the intersection of Maynard Way and 11th street in Dewitt, Iowa with lights and siren activated and returned to Genesis Dewitt Emergency Department.

80. Genesis Dewitt was the chosen destination because of its close proximity to the accident site and concerns by EMT John Gilbert, that moving Scott unstabilized would cause further harm to him.

81. Genesis Dewitt is classified as Level IV trauma center, and boasts on its 24 hour care and "quick access to advanced medical care" because every second counts following a trauma.

82. After ambulance #1752 left the crash site, Shilo returned to her private vehicle and waited for a police officer to take a witness statement and noted the time on her cell phone as 3:01 pm on November 14th, 2014.

83. Officer's advised Shilo that Scott had been taken directly to the U of I Hospital.

84. Genesis Dewitt Emergency Department Staff Kim Bush R.N., Rhonda Hance, R.N., and Dr. Bradley A. Bourkland M.D., negligently failed to contact Shilo regarding Scott's being returned to Genesis Dewitt Emergency Department for treatment despite knowledge that Shilo was moments away and Scott's representative.

85. At 15:03:00 on November 14th, 2014, Scott was presented by Genesis Ambulance #1752 accompanied by EMT Gilbert to Genesis Dewitt Emergency Department for treatment of an Emergency Medical Condition caused by sliding up and twisting in the gurney.

86. It was known at the time Scott presented at Genesis Dewitt on November 14th, 2014 following a documented Motor Vehicle Accident (MVA) involving Genesis Ambulance #1751, that he had complained of severe neck pain.

87. It was also known that Scott had a propensity for pseudo seizures caused by lack of oxygen and anxiety.

88. Rhonda Hance R.N. was made aware by EMT Gilbert that Scott's oxygen mask had been pulled off when he slid up the gurney during the MVA.

89. EMT Gilbert was providing manual stabilization of the Cervical Spine at the time he transferred care of Scott to Rhonda Hance R.N., at 15:03:00 on November 14th, 2014.

90. Nurses notes entered by Rhonda Hance R.N., into Scott's medical records on November 14th, 2014, are extremely clear and precise on the times of treatments, testing, Doctors exam and denial of spiritual care prior to Scott's first transfer of care to Genesis Ambulance #1751 at 2:28pm (14:30) on November 14th, 2014.

91. Following the accident Rhonda Hance R.N's, notes become demonstrably false and conflict with other records for times of transport, time returned to Genesis Dewitt Emergency Department, the taking of vital signs and the time examination was provided by Dr. Bradley A. Bourkland M.D.

92. Following the transfer of Scott's care Rhonda Hance. R.N. failed to document the known injury to Scott's neck and treatment being provided for said injury.

93. The transfer of care from EMT John Gilbert to Nurse Hance and the knowledge of new trauma sustained during the collision constitutes as a new presentation of Scott to the Genesis Emergency Department requiring an appropriate Medical Screening Examination (MSE) for Emergency Medical Conditions (EMC) arising from the accident

94. Upon information and belief, hospital rules and regulations required that an appropriate Emergency Medical Screening be completed to determine if an Emergency Medical Condition exists prior to ceasing any medical treatment being provided.

95. Upon information and belief, hospital rules and regulations did not permit Emergency Medical Screenings to be provided by a Registered Nurse alone without the direct supervision of a physician.

96. Under 42 C.F.R. § 489.24(a)(1), the screening must be done by an individual determined to be qualified by hospital bylaws or rules and regulations, and who meets the requirements of § 482.55 concerning emergency services personnel and direction. Under 42 C.F.R. § 482.55, the emergency services must be supervised by a qualified member of the hospital's medical staff.

97. No licensed physician on the medical staff of Genesis directly supervised Rhonda Hance. R.N., when she determined Scott was no longer in need of stabilizing treatment on November 14th, 2014.

98. Upon information and belief, the screening of Scott by an RN alone deviated from the Emergency Trauma screening that Genesis provides to other patients in situations similar to that Scott was presented to the Genesis Dewitt Emergency Department by EMT Gilbert.

99. Scott's medical records on November 14th, 2014 following his return to Genesis Dewitt Emergency Department at 15:03:00 clearly show that Dr. Bourkland had no intentions of providing an appropriate Emergency Medical Screening or treating Scott for any new injuries in that Dr. Bourkland stated " PT returned to await transfer".

100.    Per Scott's medical records for November 14th, 2014,  Dr. Bradley A. Bourkland M.D.notated he presented for examination of Scott at 15:09:00 to which he commented Scott had "no apparent injuries".

101.    Dr. Bradley A. Bourkland M.D's notes state decision making was based of the Nurses report of Scott's condition.

102.    There are no examination notes or tests relating to an appropriate EMS being provided.

103.    Run Reports from Genesis Ambulance show they had first contact with Scott at 15:10:00 on November 14th, 2014. Leaving a clear result that Dr. Bradley A. Bourkland M.D's examination of Scott was less than one minute in duration.

104.    Within minutes of Scott's being returned to Genesis Dewitt Emergency Department at 15:03:00, Dr. Bourkland authorized the 2nd transport of Scott to the U of I hospital  in Iowa City without providing an appropriate emergency medical screening or necessary diagnostic testing to determine if an Emergency Medical Condition existed.

105.    The non existence of an appropriate Medical Screening Examination to determine what Emergency Medical Conditions Scott received in the MVA leaves it impossible for Dr. Bradley A. Bourkland M.D., to provide the risks or benefits of transfer to Scott.

106.    The absence of knowledge to risk of transfer, denied Scott the ability to make an informed consent as to his transfer.

107.    Thus, Dr. Bourkland did not receive informed written or verbal consent from Scott prior to the 2nd transfer from Genesis DeWitt and simply inserted the original Transfer certification signed prior to the MVA at 13:12:00 on November 14th, 2014.

108.    Against the known wishes of Scott and Shilo, Rhonda Hance R.N. again called for a pastor to provide spiritual care to Scott when he returned from the accident.

109.    Plaintiffs assert this was due to the defendant's belief that Scott was in dire condition and was in need of spiritual guidance.

110.    Chaplain Kristin VanHeyningen documented that an overhead page for spiritual care was made following Scott's return to Genesis Dewitt Emergency Department after the MVA.

111.    Per Chaplains notes, when she arrived in the room Medical staff was "determining how to transfer" Scott and that Scott was unresponsive to her. Reaffirming that Scott was in an altered state of consciousness.

112.    Run reports for Genesis Ambulance #1752 show EMT's Dewayne Sutton and Joe Snodgrass made pre transport contact with Scott at 15:10:00 at which time the ALS and Cardiac Monitor assessment were completed.

113.    Run Report #1752 shows transport began at 15:25:00 with no special equipment listed for immobilization of the spine. 22 minutes after Scott's return to Genesis Dewitt Emergency Department.

114.    Following Scott's seizure activity in Genesis Ambulance #1751, he was in an altered state of consciousness that left him with no memory until he was in the MICU of the U of I hospital suffering with excruciating pain in his head, neck and back. This was approximately 16:36:00 on 11/14/14.

115.    Upon arrival at U of I, Genesis Ambulance EMT's, Joe Snodgrass and Dewayne Sutton transferred care of Scott to Nurse Emily in the MICU of U of I Hospital at 16:40:00.

116.    Medical records from the MICU at U of I Hospital shows Scott was complaining of neck pain at 16:47:00 immediately following transport.

117.    Documentation in Scott's medical records dated November 14th, 2014 by U of I MICU Dr. Kevin Doerschug M.D.,states that no treatment was provided to Scott for injuries sustained in the MVA, by Genesis DeWitt Emergency Department, prior to transfer and that Scott's first examination of his MVA related injuries was at 17:25:00.

118.    Due to Scott's inability to recall the events following the accident and his return to the Genesis Dewitt Emergency Department and Shilo's absence , it becomes important for the plaintiffs to rely on Scott's medical records following the accident, to effectively relay Scott's injuries and treatment following the accident.

119.    Review of run reports for Genesis Ambulance #1752, again show clear material
        deficiencies, inconsistencies, deliberate omissions, and contradictions that show deception
        and are consistent with substandard care and omission to Scott's having been in a motor
        vehicle accident.

120.    Transport Notes from Genesis Ambulance #1752 completed by EMT Joe Snodgrass
        and EMT Dewayne Sutton for the date of November 14th, 2014, have a complete
        omission regarding response to transport Scott from the accident scene back to Genesis
        Dewitt Emergency Department on November 14th, 2014.

121.    The Prehospital Care Report dated November 14th, 2014 incident # 36323 states that
        vehicle # 1752 was dispatched at "14:30:00 to transport a male pt from the DeWitt ER to
        University of Iowa Med ICU". Not to the MVA scene to assist with injured patient.

122.    Prehospital Care Report of Genesis Ambulance #1752, further states that EMT's
        Sutton and Snodgrass first made contact with Scott at 15:10:00 on November 14th, 2014
        in the ER, again a complete omission to the MVA involving Genesis Ambulance #1751.

123.    Genesis Ambulance #1752's Run Report shows documentation as to the lack of care
        Scott received in that EMT's Joe Snodgrass and Dewayne Sutton had knowledge of
        trauma Scott sustained to head, face, and neck during the MVA and failed to provide
        proper care for Scott's altered state of consciousness and merely documented Scott had
        "slept" the duration of the transport.

124.    Due to Scott's unconscious state the Advanced Beneficiary Notice of  Non Coverage
        that is required to be signed prior to medical transport was fraudulently signed and all
        other information was typed in including the 1st option which is to be marked by the patient
        only.

125.    Run reports for Genesis Ambulance #1752 also show an unknown signature claiming
        to be Scott's. Genesis staff authorized these unknown signatures as being Scott's despite
        it being clear they are fraudulent

126.    Run reports for both Genesis ambulances #1751 and #1752, show revisions made by
        Robert Baustian on November 17th, 2014 at 14:27. No documentation was made as to
        the revisions made by Mr. Baustian and the original copies have not been produced
        despite numerous attempts by the plaintiffs.

127.    Plaintiff, Scott,  has suffered, suffered serious, painful and permanent bodily injuries,
        great physical pain and mental anguish, severe and substantial emotional distress, loss of
        the capacity for the enjoyment of life;was, is and will be required to undergo medical

treatment and to incur medical costs and expenses in order to alleviate injuries, pain and suffering; was, is and will be precluded from engaging in normal activities and pursuits, including a loss of ability to care for his home and land; and, otherwise was hurt, injured and caused to sustain losses by Defendant's negligent acts.

128.    Plaintiff, Shilo, has suffered, serious mental anguish of watching her husband trapped and begging for help and being unable to assist him in his time of need, Severe increase in anxiety, Nightmares and fear of ambulances,increased fear of losing spouse due to others negligence, Manifestation of physical pains in chest and stomach caused by high anxiety.Significant financial loss; and, otherwise was hurt, injured and caused to sustain losses by Defendant's Negligent acts.

## COUNT 1 EMTALA SCREENING CLAIM
### (against Genesis Health System)

**COME NOW** the plaintiffs, Scott E. Jones, and Shilo M. Jones, and in support of their action against defendant Genesis Health System, state;

129.    Plaintiffs repeat and reallege the allegations set forth in paragraph 1-128 and incorporate them by reference as though fully set forth herein.

130.    At all relevant times, the Federal Emergency Medical Treatment and Active Labor Act was in effect. 42 U.S.C. § 1395dd ("EMTALA"). It provides a cause of action for those damages available for personal injury under state law caused by a violation of its terms. 42 U.S.C. § 1395dd(2)(A).

131.    At all relevant times, Genesis was a participating hospital subject to EMTALA.

132.    Under EMTALA, 42 U.S.C. § 1395dd(a), Genesis was required to provide an appropriate Medical Screening Examination(MSE) within the capability of the hospital's emergency department, including ancillary services routinely available to the emergency department, to determine whether or not Scott had an Emergency Medical Condition (EMC) as defined in the act.

133.    The MSE is required by EMTALA to be the SAME MSE that the hospital would perform on any individual coming to the the hospital's dedicated emergency department with those signs and symptom.

134.    Genesis failed to provide an appropriate MSE to Scott as required by EMTALA in one or more of the following ways:

      a. Failed to provide an assessment of known injuries sustained in a MVC within the capabilities of the hospital;

      b. Failed to provide testing for known injuries sustained by Scott in MVC in accordance with hospital rules and regulations;

      c. Failed to provide an appropriate MSE by qualified personnel under the direct supervision of a member of the medical staff;

      d. Failed to provide the same screening it affords to other patients with similar perceived conditions to those Scott presented;

      e. Otherwise failed to provide an appropriate screening under EMTALA.

135.    The violation of EMTALA screening requirements was a proximate cause of injuries and damages to plaintiffs.

136.    Defendants' deprivation of plaintiff's federal rights as described above is willful, wanton and malicious entitling plaintiff to punitive damages against the individual Defendant

## COUNT 2: EMTALA STABILIZATION CLAIM

(Against Genesis Health System)

**COME NOW**, the plaintiffs, Scott E. Jones and Shilo M. Jones, and in support of their cause of action against defendant Genesis Health System, state;

137.    Plaintiffs repeat and reallege the allegations set forth in paragraph 1 through 128 and 129 through 132 and incorporate them by reference as though fully set forth herein.

138.    Under EMTALA, 42 U.S.C.§ 1395dd(b)(1), if a hospital determines that a patient has an EMC, it must provide either (A) within the medical staff and facilities available at the hospital, for such further medical examination and such treatment as may be required to stabilize the medical condition, or (B) to provide appropriate transfer to another medical facility without causing further material deterioration on known condition.

139.   Under EMTALA, 42 U.S.C.§ 1395dd(e)(i), an "emergency medical condition" is a state manifested by acute symptoms of sufficient severity such that the absence of immediate medical attention could reasonably be expected to result in placing the health of a patient in serious jeopardy, ie., in imminent danger of death or serious disability.

140.   By regulation, 42 U.S.C. § 1395dd(e)(i), "emergency medical condition" includes: A medical condition manifesting itself by acute symptoms of sufficient severity (including severe pain, psychiatric disturbances and/or symptoms of substance abuse) such that the absence of immediate medical attention could reasonably be expected to result in -

   (i) Placing the health of the individual (or, with respect to a pregnant woman, the health of the woman or her unborn child) in serious jeopardy;

   (ii) Serious impairment to bodily functions; or

   (iii) Serious dysfunction of any bodily organ or part.

141.   Genesis Ambulance EMT John Gilbert presented Scott to Genesis DeWitt Emergency Department suffering with an Emergency Medical Condition as defined by 42 U.S.C. § 1395dd(e)(1).

142.   Under EMTALA 42 U.S.C. § 1395dd(3)(3)(A), "to stabilize" means to provide such medical treatment of the condition as may be necessary to assure, with reasonable medical probability that no material deterioration of the condition is likely to result from or occur after the transfer of the individual from the facility.

143.   Genesis Dewitt Emergency Department had actual knowledge that Scott was suffering from an Emergency Medical Condition when care was transferred from EMT Gilbert to Nurse Hance at 15:03 on November 14th, 2014.

144.   Agents and employees of Genesis knew the following about Scott's condition that day.

   a. Scott suffered trauma to his head, neck and back during a MVA.

   b. Scott slid off of the gurney due to improper restraint.

   c. Was presented to the Emergency Department at Genesis Dewitt by Genesis EMT John Gilbert after complaining of severe pain in his neck.

   d. Had a history of known seizure activity.

   e. Was in an altered state of consciousness.

   f. Was being provided stabilization to cervical spine by EMT- John Gilbert on Genesis property prior to Emergency Department presentation.

   g. Genesis agents and employees knew of other facts about Scott which showed he had an Emergency Medical Condition.

145.    Genesis knew Scott's condition was likely to deteriorate while in transfer from Genesis Dewitt to University of Iowa Hospital and required stabilizing medical equipment including a c-spine brace and long back board.

146.    Genesis violated EMTALA by transferring Scott without providing stabilizing treatment, and this violation was a proximate cause of injuries and damages to Plaintiff's.

147.    Defendants' deprivation of plaintiff's federal rights as described above is willful,wanton and malicious entitling plaintiff to punitive damages against the individual Defendant

## COUNT 3: RESPONDEAT SUPERIOR
### (against Genesis Health System)

**COME NOW**, the plaintiffs, Scott E. Jones and Shilo M. Jones, and in support of their cause of action against defendant Genesis Health System, state:

148.    Plaintiffs repeat and reallege the allegations set forth in paragraph 1 through 128 and incorporate them by reference as though fully set forth herein.

149.    The negligence of defendants,Rhonda Hance, R.N., Kim Bush, R.N., Bradley A. Bourkland, M.D., and Robert Baustian, is imputed to defendant Genesis Medical Center by reason of fact that at all times material hereto defendants Rhonda Hance, R.N., Kim Bush, R.N., Bradley A. Bourkland, M.D., and Robert Baustian were duly authorized agents or employees of defendant Genesis Health System and were acting within the scope of their agency relationship. The negligence of these individuals serves as the basis for legal cause as against defendant Genesis Health System, as principal.

150.    The independent act by one or more unknown agents, employees, officers, and/or representatives of defendant Genesis Health System , were likewise a legal cause of the injuries and damages to plaintiffs.

151.    Defendant's indifference and resulting action was wanton, willful and with reckless disregard and neglect of Plaintiff's rights, safety and well being,justifying the imposition of punitive damages.

## COUNT 4: RESPONDEAT SUPERIOR
### (against ECHO, LTD)

COME NOW, the plaintiffs, Scott E. Jones and Shilo M. Jones, and in support of their cause of action against defendant ECHO, LTD, state:

152.    Plaintiffs repeat and reallege the allegations set forth in paragraph 1 through 128 and incorporate them by reference as though fully set forth herein.

153.    The negligence of defendants, Bradley A. Bourkland, M.D., is imputed to defendant ECHO, LTD by reason of fact that at all times material hereto defendants Bradley A. Bourkland, M.D., was a duly authorized agent or employee of defendant ECHO, LTD and was acting within the scope of their agency relationship. The negligence of these individuals serves as the basis for legal cause as against defendant ECHO,LTD as principal.

154.    The independent act by one or more unknown agents, employees, officers, and/or representatives of defendant ECHO, LTD, were likewise a legal cause of the injuries and damages to plaintiffs.

155.    Defendant's indifference and resulting action was wanton, willful and with reckless disregard and neglect of Plaintiff's rights, safety and well being,justifying the imposition of punitive damages.

## COUNT 5: RESPONDEAT SUPERIOR
### (against Genesis Ambulance Services)

**COME NOW**, the plaintiffs, Scott E. Jones and Shilo M. Jones, and in support of their cause of action against defendant Genesis Ambulance Services, state:

156.    Plaintiffs repeat and reallege the allegations set forth in paragraph 1 through 128 and incorporate them by reference as though fully set forth herein.

157.    The negligence of defendants, Jodi Jones, EMT-B, Jeffrey Schmitt, EMT-P, John Gilbert, EMT-P, Joe Snodgrass, EMT-P, Dewayne Sutton, EMT-P,  were duly authorized agents or employees of defendant Genesis Ambulance Services and were acting within the scope of their agency relationship. The negligence of these individuals serves as the basis for legal cause as against defendant Genesis Ambulance Services, as principal.

158.    The independent act by one or more unknown agents, employees, officers, and/or representatives of defendant Genesis Ambulance Services, were likewise a legal cause of the injuries and damages to plaintiffs.

159.   Defendant's indifference and resulting action was wanton, willful and with reckless disregard and neglect of Plaintiff's rights, safety and well being, justifying the imposition of punitive damages.

## COUNT 6: NEGLIGENT TRAINING/SUPERVISION
### (against Genesis Health System )

**COME NOW**, the plaintiffs, Scott E. Jones and Shilo M. Jones, and in support of their cause of action against defendant Genesis Health System, state:

160.   Plaintiffs repeat and reallege the allegations set forth in paragraph 1 through 128 and incorporate them by reference as though fully set forth herein.

161.   Plaintiffs allege defendant Genesis Health System breached its legal duties to provide reasonable care in the training and supervision of agents or employees of Genesis Health System providing patient care to Scott, including but not limited to defendants Rhonda Hance, R.N., Kim Bush, R.N., Bradley A. Bourkland, M.D., and Robert Baustian, in one or more of the following particulars:

      a.Failing to properly train defendants in connection with their duties and responsibilities as certified, licensed, professionals;

      b.Failing to supervise these defendants in connection with their interaction with emergency room patients with conditions and experiences such as Scott's, to ensure the patient receives appropriate care;

      c.Failing to exercise reasonable care under the circumstances.

162.   The aforementioned breaches of duty and each of them were a proximate cause of injuries and damages to plaintiffs.

163.   Defendant's indifference and resulting action was wanton, willful and with reckless disregard and neglect of Plaintiff's rights, safety and well being, justifying the imposition of punitive damages.

## COUNT 7: NEGLIGENT TRAINING/SUPERVISION
### (against Genesis Ambulance Services )

**COME NOW,** the plaintiffs, Scott E. Jones and Shilo M. Jones, and in support of their cause of action against defendant Genesis Ambulance Services, state:

164.    Plaintiffs repeat and reallege the allegations set forth in paragraph 1 through 128 and incorporate them by reference as though fully set forth herein.

165.    Plaintiffs allege defendant Genesis Ambulance Services breached its legal duties to provide reasonable care in the training and supervision of agents or employees of Genesis Ambulance Services providing patient care to Scott, including but not limited to defendants Jodi Jones, EMT-B, Jeffrey Schmitt, EMT-P, John Gilbert, EMT-P, Joe Snodgrass, EMT-P, Dewayne Sutton, EMT-P, in one or more of the following particulars:

a.Failing to properly train defendants in connection with their duties and responsibilities as certified, licensed,professionals;

b.Failing to supervise these defendants in connection with their interaction with emergency room patients with conditions and experiences such as Scott's, to ensure the patient receives appropriate care;

c.Failing to exercise reasonable care under the circumstances.

166.    The aforementioned breaches of duty and each of them were a proximate cause of injuries and damages to plaintiffs.

167.    Defendant's indifference and resulting action was wanton, willful and with reckless disregard and neglect of Plaintiff's rights, safety and well being,justifying the imposition of punitive damages.

## COUNT 8: NEGLIGENT TRAINING/SUPERVISION
### (against ECHO LTD )

**COME NOW,** the plaintiffs, Scott E. Jones and Shilo M. Jones, and in support of their cause of action against defendant ECHO LTD, state:

168.    Plaintiffs repeat and reallege the allegations set forth in paragraph 1 through 128 and incorporate them by reference as though fully set forth herein.

169.    Plaintiffs allege defendant ECHO LTD, breached its legal duties to provide reasonable care in the training and supervision of agents or employees of ECHO LTD providing patient care to Scott, including but not limited to defendants Bradley A. Bourkland, in one or more of the following particulars:

a.Failing to properly train defendants in connection with their duties and responsibilities as certified, licensed,professionals;

> b. Failing to supervise these defendants in connection with their interaction with emergency room patients with conditions and experiences such as Scott's, to ensure the patient receives appropriate care;
>
> c. Failing to exercise reasonable care under the circumstances.

170.    The aforementioned breaches of duty and each of them were a proximate cause of injuries and damages to plaintiffs.

171.    Defendant's indifference and resulting action was wanton, willful and with reckless disregard and neglect of Plaintiff's rights, safety and well being, justifying the imposition of punitive damages.


## COUNT 9: PROFESSIONAL NEGLIGENCE/MEDICAL MALPRACTICE
### (against Kim Bush R.N.)


**COME NOW**, the plaintiffs, Scott E. Jones and Shilo M. Jones, and in support of their cause of action against defendant Kim Bush R.N., state:

172.    Plaintiffs repeat and reallege the allegations set forth in paragraph 1 through 128 and incorporate them by reference as though fully set forth herein.

173.    At all relevant times defendant Kim Bush R.N., had the duty to provide medical care to Scott, in accordance with the applicable standard of care.

174.    Defendant, Kim Bush, R.N, breached that duty by:

   a.   Failed to provide appropriate triage assessment.

   b.   Failed to document known Emergency Medical Condition (EMC) following a motor vehicle collision involving Genesis Ambulance

   c.   Failed to recognize Scott was in physical distress.

   d.   Failed to recognize and document seizure activity.

   e.   Failed to complete mandatory reporting of an accident that resulted in patients harm.

   f.   Failed to provide proper care of a patient in an emergency situation.

   g.   Failed to continue emergency medical treatment being provided for stabilization of known Emergency Medical Condition.

   h.   Failed to expend the time and effort needed to fully appreciate all of Scott's injuries and their magnitude.

i.  Failed to properly document patient care, treatment, and emergency personals correspondence.

j.  Deviated from known procedures and protocols without good medical reason to do so.

k.  Failed to administer a standard level of care.

l.  Had a conscious disregard for Scotts safety and health

m.  Intentionally inflicted emotional distress

n.  Causing a delay in treatment of an injury requiring emergency care.

o.  Failing to minimize chance of deterioration of known Emergency Medical Condition during patient's transfer.

p.  Failing to manage patients pain level and discomfort per procedure and protocol.

q.  Failing to exercise reasonable care under the circumstances.

r.  Failing to meet any other applicable standard of care, not specifically stated herein.

175.  The aforementioned breaches of duty and each of them were a proximate cause of injuries and damages to plaintiffs.

176.  Defendant's indifference and resulting action was wanton, willful and with reckless disregard and neglect of Plaintiff's rights, safety and well being, justifying the imposition of punitive damages.

## COUNT 10: PROFESSIONAL NEGLIGENCE/MEDICAL MALPRACTICE
### (against Rhonda Hance R.N.)

**COME NOW**, the plaintiffs, Scott E. Jones and Shilo M. Jones, and in support of their cause of action against defendant Rhonda Hance R.N., state:

177.  Plaintiffs repeat and reallege the allegations set forth in paragraph 1 through 128 and incorporate them by reference as though fully set forth herein.

178.  At all relevant times defendant Rhonda Hance  R.N., had the duty to provide medical care to Scott, in accordance with the applicable standard of care.

179.  Defendant, Rhonda Hance, R.N, breached that duty by:

a.  Failed to recognize Scott was in physical distress

b.  Failed to document known Emergency Medical Condition (EMC) following a motor vehicle collision involving Genesis Ambulance

    c. Failed to provide appropriate triage assessment.

    d. Failed to recognize and document seizure activity.

    e. Failed to complete mandatory reporting of an accident that resulted in patients harm.

    f. Failed to provide proper care of a patient in an emergency situation.

    g. Failed to continue emergency medical treatment being provided for stabilization of known Emergency Medical Condition by EMT's.

    h. Failed to expend the time and effort needed to fully appreciate all of Scott's injuries and their magnitude.

    i. Failing to accurately document, assess, evaluate, or report the status of a patient.

    j. Failed to document emergency personnel's correspondence regarding patient injuries.

    k. Deviated from known procedures and protocols without good medical reason to do so

    l. Intentionally violated Scott and Shilo's religious beliefs.

    m. Acted in a manner deliberate to causing physical, emotional and financial injury.

    n. Failed to administer a standard level of care.

    o. Caused an unreasonable delay in medical treatment.

    p. Failed to obtain informed consent for transfer.

    q. Had a conscious disregard for Scotts safety and health

    r. Intentionally inflicted emotional distress.

    s. Failing to minimize chance of deterioration of known Emergency Medical Condition during patient's transfer.

    t. Failing to manage patients pain level and discomfort per procedure and protocol.

    u. Failing to exercise reasonable care under the circumstances

    v. Failing to meet any other applicable standard of care, not specifically stated herein

180.    The aforementioned breaches of duty and each of them were a proximate cause of injuries and damages to plaintiffs.

181.    Defendant's indifference and resulting action was wanton, willful and with reckless disregard and neglect of Plaintiff's rights, safety and well being, justifying the imposition of punitive damages.

**COUNT 11: PROFESSIONAL NEGLIGENCE/MEDICAL MALPRACTICE**

(against Bradley A. Bourkland M.D..)

**COME NOW**, the plaintiffs, Scott E. Jones and Shilo M. Jones, and in support of their cause of action against defendant Bradley A. Bourkland M.D., state:

182. Plaintiffs repeat and reallege the allegations set forth in paragraph 1 through 128 and incorporate them by reference as though fully set forth herein.

183. At all relevant times defendant Bradley A. Bourkland M.D., had the duty to provide medical care to Scott, in accordance with the applicable standard of care.

184. Defendant, Bradley A. Bourkland M.D, breached that duty by:

a. Failed to recognize Scott was in physical distress.

b. Failed to continue emergency medical treatment being provided for stabilization of known Emergency Medical Condition by EMT's.

c. Failed to provide an appropriate Medical Screening Examination in accordance with EMTALA guidelines.

d. Failed to recognize the substantial risk that Scott's condition and injuries would deteriorate during transfer without stabilizing treatment.

e. Failed to expend the time and effort needed to fully appreciate all of Scott's medical issues, injuries and their magnitude.

f. Failed to order necessary testing to identify an Emergency Medical Condition.

g. Showed a deliberate indifference to Scott and his needs as an injured person seeking medical attention.

h. Failed to complete mandatory reporting of an accident that resulted in patients harm.

i. Misrepresented pertinent facts.

j. Failed to acknowledge and act with reasonable promptness causing an unreasonable delay in medical treatment.

k. Deviated from known procedures and protocols without good medical reason to do so.

l. Failed to provide proper supervision of Emergency Department Staff in an emergency situation.

m. Failed to obtain informed consent from patient before proceeding with transportation.

n. Making an omission that adversely affected plaintiffs welfare

o. Acted in a manner deliberate to causing physical, emotional and financial injury.

p. Failed to diagnose, treat, and stabilize Scott for an Emergency Medical Condition.

q. Failed to provide appropriate medical equipment for transfer.

r. Had a conscious disregard for Scotts safety and health.

s. Intentionally inflicted emotional distress.

t. Failing to minimize chance of deterioration of known Emergency Medical Condition during patient's transfer.

u. Failing to manage patients pain level and discomfort per procedure and protocol.

v. Failing to exercise reasonable care under the circumstances.

w. Failing to meet any other applicable standard of care, not specifically stated herein.

185. The aforementioned breaches of duty and each of them were a proximate cause of injuries and damages to plaintiffs.

186. Defendant's indifference and resulting action was wanton, willful and with reckless disregard and neglect of Plaintiff's rights, safety and well being,justifying the imposition of punitive damages.

## COUNT 12: PROFESSIONAL NEGLIGENCE/MEDICAL MALPRACTICE
### (against Jodi Jones, EMT-B.)

**COME NOW**, the plaintiffs, Scott E. Jones and Shilo M. Jones, and in support of their cause of action against defendant Jodi Jones, EMT-B,, state:

187. Plaintiffs repeat and reallege the allegations set forth in paragraph 1 through 128 and incorporate them by reference as though fully set forth herein.

188. At all relevant times defendant Jodi Jones, EMT-B., had the duty to provide medical care to Scott, in accordance with the applicable standard of care.

189. Defendant, Jodi Jones, EMT-B, breached that duty by:

a. Failing to accurately document, assess, evaluate, or report the status of a patient.

b. Deviated from known procedures and protocols without good medical reason to do so.

c. Making an omission that adversely affected plaintiffs welfare.

d. Breached the duty of standard of care.

    e.  Failing to ensure patients safety during transport.

    f.  Failed to ensure the presence of adequate and functional equipment.

    g.  Failed to complete mandatory reporting of an accident that resulted in patients harm

    h.  Failed to administer a standard level of care

    i.  Deviated from known procedures and protocols without good medical reason to do so causing patient harm.

    j.  Making an omission that adversely affected plaintiffs welfare

    k.  Failed to provide proper care care of a patient in an emergency situation for critical injuries.

    l.  Altered and falsified medical records

    m.  Had a conscious disregard for Scotts safety and health

    n.  Intentionally inflicted emotional distress.

    o.  Failing to exercise reasonable care under the circumstances.

    p.  Failing to meet any other applicable standard of care, not specifically stated herein

190.    The aforementioned breaches of duty and each of them were a proximate cause of injuries and damages to plaintiffs.

191.    Defendant's indifference and resulting action was wanton, willful and with reckless disregard and neglect of Plaintiff's rights, safety and well being,justifying the imposition of punitive damages.

## COUNT 13: PROFESSIONAL NEGLIGENCE/MEDICAL MALPRACTICE
### (against John Gilbert, EMT-P.)

**COME NOW**, the plaintiffs, Scott E. Jones and Shilo M. Jones, and in support of their cause of action against defendant John Gilbert, EMT-P, state:

192.    Plaintiffs repeat and reallege the allegations set forth in paragraph 1 through 128 and incorporate them by reference as though fully set forth herein.

193.    At all relevant times defendant John Gilbert, EMT-P., had the duty to provide medical care to Scott, in accordance with the applicable standard of care.

194.    Defendant, John Gilbert, EMT-P, breached that duty by:

    a.  Failing to accurately document, assess, evaluate, or report the status of a patient.

    b.  Deviated from known procedures and protocols without good medical reason to do so.

    c.  Making an omission that adversely affected plaintiffs welfare.

    d.  Breached the duty of standard of care.Failing to ensure patients safety during transport.

    e.  Failed to ensure the presence of adequate and functional equipment.

    f.  Failed to properly document communications with medical control.

    g.  Had a conscious disregard for Scotts safety and health

    h.  Failed to complete mandatory reporting of an accident that resulted in patients harm.

    i.  Failed to administer a standard level of care

    j.  Deviated from known procedures and protocols without good medical reason to do so causing patient harm.

    k.  Making an omission that adversely affected plaintiffs welfare

    l.  Failed to provide proper care care of a patient in an emergency situation for critical injuries.

    m.  Altered and falsified medical records

    n.  Failed to document amendments to Run Report in accordance to local protocol.

    o.  Had a conscious disregard for Scotts safety and health

    p.  Intentionally inflicted emotional distress.

    q.  Failing to exercise reasonable care under the circumstances.

    r.  Failing to meet any other applicable standard of care, not specifically stated herein

195.    The aforementioned breaches of duty and each of them were a proximate cause of injuries and damages to plaintiffs.

196.    Defendant's indifference and resulting action was wanton, willful and with reckless disregard and neglect of Plaintiff's rights, safety and well being,justifying the imposition of punitive damages.

## COUNT 14: PROFESSIONAL NEGLIGENCE/MEDICAL MALPRACTICE
### (against Jeffrey Schmitt, EMT-P.)

**COME NOW**, the plaintiffs, Scott E. Jones and Shilo M. Jones, and in support of their cause of action against defendant Jeffrey Schmitt, EMT-P, state:

197.    Plaintiffs repeat and reallege the allegations set forth in paragraph 1 through 128 and incorporate them by reference as though fully set forth herein.

198.    At all relevant times defendant Jeffrey Schmitt, EMT-P., had the duty to provide medical care to Scott, in accordance with the applicable standard of care.

199.    Defendant, Jeffrey Schmitt, EMT-P, breached that duty by:

    a.  Failing to accurately document, assess, evaluate, or report the status of a patient.

    b.  Deviated from known procedures and protocols without good medical reason to do so.

    c.  Making an omission that adversely affected plaintiffs welfare.

    d.  Breached the duty of standard of care.

    e.  Failing to ensure patients safety during transport.

    f.  Failed to properly document communications with medical control.

    g.  Failed to ensure the presence of adequate and functional equipment.

    h.  Failed to complete mandatory reporting of an accident that resulted in patients harm

    i.  Failed to administer a standard level of care

    j.  Deviated from known procedures and protocols without good medical reason to do so causing patient harm.

    k.  Making an omission that adversely affected plaintiffs welfare

    l.  Failed to provide proper care care of a patient in an emergency situation for critical injuries.

    m.  Altered and falsified medical records

    n.  Failed to document amendments to Run Report in accordance to local protocol.

    o.  Violated patient privacy and confidentiality rights.

    p.  Had a conscious disregard for Scotts safety and health

    q.  Intentionally inflicted emotional distress.

    r.  Failing to exercise reasonable care under the circumstances.

    s.  Failing to meet any other applicable standard of care, not specifically stated herein

200.    The aforementioned breaches of duty and each of them were a proximate cause of injuries and damages to plaintiffs.

201.    Defendant's indifference and resulting action was wanton, willful and with reckless disregard and neglect of Plaintiff's rights, safety and well being, justifying the imposition of punitive damages.

## COUNT 15: PROFESSIONAL NEGLIGENCE/MEDICAL MALPRACTICE

(against Joe Snodgrass, EMT-P.)

**COME NOW**, the plaintiffs, Scott E. Jones and Shilo M. Jones, and in support of their cause of action against defendant Joe Snodgrass, EMT-P, state:

202. Plaintiffs repeat and reallege the allegations set forth in paragraph 1 through 128 and incorporate them by reference as though fully set forth herein.

203. At all relevant times defendant Joe Snodgrass, EMT-P., had the duty to provide medical care to Scott, in accordance with the applicable standard of care.

204. Defendant, Joe Snodgrass, EMT-P, breached that duty by:

    a. Failing to accurately document, assess, evaluate, or report the status of a patient.

    b. Deviated from known procedures and protocols without good medical reason to do so.

    c. Making an omission that adversely affected plaintiffs welfare.

    d. Breached the duty of standard of care.

    e. Failing to ensure patients safety during transport.

    f. Failed to ensure the presence of adequate and functional equipment.

    g. Failed to properly document communications with medical control.

    h. Failed to ensure the presence of adequate and functional equipment.

    i. Failed to complete mandatory reporting of an accident that resulted in patients harm

    j. Failed to administer a standard level of care

    k. Deviated from known procedures and protocols without good medical reason to do so.

    l. Making an omission that adversely affected plaintiffs welfare

    m. Failed to provide proper care care of a patient in an emergency situation for critical injuries.

    n. Altered and falsified medical records

    o. Failed to document amendments to Run Report in accordance to local protocol.

    p. Failed to notify receiving hospital of change in patient's condition.

    q. Causing an unreasonable delay in medical treatment.

    r. Had a conscious disregard for Scotts safety and health

    s.   Intentionally inflicted emotional distress.

    t.   Failing to exercise reasonable care under the circumstances.

    u.   Failing to meet any other applicable standard of care, not specifically stated herein

205.    The aforementioned breaches of duty and each of them were a proximate cause of injuries and damages to plaintiffs.

206.    Defendant's indifference and resulting action was wanton, willful and with reckless disregard and neglect of Plaintiff's rights, safety and well being,justifying the imposition of punitive damages.

## COUNT 16: PROFESSIONAL NEGLIGENCE/MEDICAL MALPRACTICE
### (against Dewayne Sutton, EMT-P.)

**COME NOW**, the plaintiffs, Scott E. Jones and Shilo M. Jones, and in support of their cause of action against defendant Dewayne Sutton, EMT-P, state:

207.    Plaintiffs repeat and reallege the allegations set forth in paragraph 1 through 128 and incorporate them by reference as though fully set forth herein.

208.    At all relevant times defendant Dewayne Sutton, EMT-P., had the duty to provide medical care to Scott, in accordance with the applicable standard of care.

209.    Defendant, Dewayne Sutton, EMT-P, breached that duty by:

    a.   Failing to accurately document, assess, evaluate, or report the status of a patient.

    b.   Deviated from known procedures and protocols without good medical reason to do so.

    c.   Making an omission that adversely affected plaintiffs welfare.

    d.   Breached the duty of standard of care.

    e.   Failing to ensure patients safety during transport.

    f.   Failed to ensure the presence of adequate and functional equipment.

    g.   Failed to properly document communications with medical control.

    h.   Failed to ensure the presence of adequate and functional equipment.

    i.   Failed to complete mandatory reporting of an accident that resulted in patients harm

    j.   Failed to administer a standard level of care

    k.   Deviated from known procedures and protocols without good medical reason to do so.

l.   Making an omission that adversely affected plaintiffs welfare

m.  Failed to provide proper care care of a patient in an emergency situation for critical injuries.

n.   Altered and falsified medical records

o.   Failed to document amendments to Run Report in accordance to local protocol.

p.   Failed to notify receiving hospital of change in patient's condition.

q.   Causing an unreasonable delay in medical treatment.

r.   Had a conscious disregard for Scotts safety and health

s.   Intentionally inflicted emotional distress.

t.   Failing to exercise reasonable care under the circumstances.

u.   Failing to meet any other applicable standard of care, not specifically stated herein

210.   The aforementioned breaches of duty and each of them were a proximate cause of injuries and damages to plaintiffs.

211.   Defendant's indifference and resulting action was wanton, willful and with reckless disregard and neglect of Plaintiff's rights, safety and well being,justifying the imposition of punitive damages.

## COUNT 17: NEGLIGENT HIRING

(against Genesis Health System)

**COME NOW**, the plaintiffs, Scott E. Jones and Shilo M. Jones, and in support of their cause of action against defendant Genesis Health System, state:

212.   Plaintiffs repeat and reallege the allegations set forth in paragraph 1 through 128 and incorporate them by reference as though fully set forth herein.

213.   Plaintiffs allege defendant Genesis Health System breached it legal duties to provide reasonable care in the hiring of Bradley A. Bourkland M.D., in one or more of the following particulars:

a.   Had knowledge that Bradley A. Bourkland M.D. had a propensity for conduct which may result in patient injuries.

b.   Had knowledge that Bradley A. Bourkland M.D. had a propensity to act in a negligent manner.

c.   Had knowledge that on numerous occasions Bradley A. Bourkland M.D. had represented himself in a manner unbecoming to his profession.

    d.  Had knowledge that Bradley A. Bourkland M.D.has a propensity to become intoxicated and jeopardize the lives of innocent civilians.

    e.  Had Knowledge that Bradley A. Bourkland M.D.'s license had been previously suspended in Wisconsin and Illinois.

    f.  Had knowledge that Bradley A. Bourkland M.D. was removed from his duties as an Emergency Physician with  the Mayo Clinic in Wisconsin after presenting to work heavily intoxicated.

    g.  Had knowledge that Bradley A. Bourkland M.D. has documented issues with being placed in stressful situation such as those of an Emergency Trauma Response or supervision in an Emergency situation.

    h.  Had knowledge that Bradley A. Bourkland M.D.has numerous failed attempts with alcohol programs.

    i.  Had knowledge that Bradley A. Bourkland M.D. has a propensity to misrepresent facts in attempts to cover up his negligent behaviors.

    j.  Failing to meet any other applicable hiring practices, not specifically stated herein.

214.    The aforementioned breaches of duty and each of them were a proximate cause of injuries and damages to plaintiffs.

215.    Defendant's indifference and resulting action was wanton, willful and with reckless disregard and neglect of Plaintiff's rights, safety and well being,justifying the imposition of punitive damages.


## COUNT 18: NEGLIGENT HIRING
### (against ECHO LTD)


    **COME NOW**, the plaintiffs, Scott E. Jones and Shilo M. Jones, and in support of their cause of action against defendant ECHO LTD, state:

216.    Plaintiffs repeat and reallege the allegations set forth in paragraph 1 through 128 and incorporate them by reference as though fully set forth herein.

217.    Plaintiffs allege defendant ECHO LTD breached it legal duties to provide reasonable care in the hiring of Bradley A. Bourkland M.D., in one or more of the following particulars:

    a.  Had knowledge that Bradley A. Bourkland M.D. had a propensity for conduct which may result in patient injuries.

b. Had knowledge that Bradley A. Bourkland M.D. had a propensity to act in a negligent manner.

c. Had knowledge that on numerous occasions Bradley A. Bourkland M.D. had represented himself in a manner unbecoming to his profession.

d. Had knowledge that Bradley A. Bourkland M.D. has a propensity to become intoxicated and jeopardize the lives of innocent civilians.

e. Had Knowledge that Bradley A. Bourkland M.D.'s license had been previously suspended in Wisconsin and Illinois.

f. Had knowledge that Bradley A. Bourkland M.D. was removed from his duties as an Emergency Physician with the Mayo Clinic in Wisconsin after presenting to work heavily intoxicated.

g. Had knowledge that Bradley A. Bourkland M.D. has documented issues with being placed in stressful situation such as those of an Emergency Trauma Response or supervision in an Emergency situation.

h. Had knowledge that Bradley A. Bourkland M.D. has numerous failed attempts with alcohol programs.

i. Had knowledge that Bradley A. Bourkland M.D. has a propensity to misrepresent facts in attempts to cover up his negligent behaviors.

j. Failing to meet any other applicable hiring practices, not specifically stated herein.

218. The aforementioned breaches of duty and each of them were a proximate cause of injuries and damages to plaintiffs.

219. Defendant's indifference and resulting action was wanton, willful and with reckless disregard and neglect of Plaintiff's rights, safety and well being, justifying the imposition of punitive damages.

## COUNT 19: LACK OF INFORMED CONSENT

(against Genesis Health Systems)

**COME NOW**, the plaintiffs, Scott E. Jones and Shilo M. Jones, and in support of their cause of action against defendant Genesis Health Systems, state:

220. Plaintiffs repeat and reallege the allegations set forth in paragraph 1-128 and incorporate them by reference as though fully set forth herein.

221.    At all relevant times, the Federal Emergency Medical Treatment and Active Labor Act was in effect. 42 U.S.C. § 1395dd ("EMTALA"). It provides a cause of action for those damages available for personal injury under state law caused by a violation of its terms. 42 U.S.C. § 1395dd(2)(A).

222.    At all relevant times, Genesis was a participating hospital subject to EMTALA.

223.    Under EMTALA 42 U.S.C. § 1395dd(C) hospitals are restricted from transferring of a patient in an unstabilized condition unless:

(A)(i)the individual (or a legally responsible person acting on the individual's behalf) after being informed of the hospital's obligations under this section and of the risk of transfer, in writing requests transfer to another medical facility,

(ii)a physician  has signed a certification that  based upon the information available at the time of transfer, the medical benefits reasonably expected from the provision of appropriate medical treatment at another medical facility outweigh the increased risks to the individual

(iii) if a physician is not physically present in the emergency department at the time an individual is transferred, a qualified medical person (as defined by the Secretary in regulations) has signed a certification described in clause or after a physician in consultation with the person, has made the determination described in such clause, and subsequently countersigns the certification; and

(B) the transfer is an appropriate transfer (within the meaning of paragraph (2) to that facility. A certification described in clause (ii) or (iii) of subparagraph (A) shall include a summary of the risks and benefits upon which the certification is based.

224.    For purposes of EMTALA, a hospital is deemed to have met the requirement of providing examination and treatment if the hospital offers examination and treatment and informs the individual (or a person acting on the individual's behalf) of the risks and benefits to the individual of such examination, treatment, or transfer.

225.    Under EMTALA, 42 U.S.C. § 1395dd(C), Genesis was required to obtain and document written consent for unstabilized transfer by either Scott or his surrogate Shilo including the full risks and benefits to patient during transfer, as defined in the act.

226.    Genesis failed to acquire informed consent from Scott or his representative prior to transfer following MVC, as required by EMTALA in one or more of the following ways:

    a.    failing to advise Scott or Shilo of the risks involved with transferring Scott via ambulance to the University of Iowa Hospitals with multiple unstabilized EMC's.

    b.    failing to obtain written documentation by the care provider as to the risks and benefits of transferring Scott via Ambulance to University of Iowa Hospitals with multiple EMC's.

    c.    failing to provide an Emergency Medical Condition Transfer Certification and Consent Form with proper documentation to the risks involved during transfer of Scott in an unstabilized condition.

    d.    Failing to meet any other applicable standard of care, not specifically stated herein

227.    The violation of EMTALA informed consent requirements was a proximate cause of injuries and damages to plaintiffs.

228.    Defendants' deprivation of plaintiff's federal rights as described above is willful,wanton and malicious entitling plaintiff to punitive damages against the individual Defendant

## COUNT 20: FALSIFICATION OF MEDICAL RECORDS

(against Rhonda Hance R.N.)

**COME NOW**, the plaintiffs, Scott E. Jones and Shilo M. Jones, and in support of their cause of action against defendant Rhonda Hance R.N., state:

229.    Plaintiffs repeat and reallege the allegations set forth in paragraph 1 through 128 and incorporate them by reference as though fully set forth herein.

230.    The Department of Health and Human Services Centers for Medicare and Medicaid Services 42 C.F.R. § 482.24(c)(1)(v) affords that information in a patient's medical record must be legible, accurately complete with correct dates, times, and outcomes of interactions with patient.

231.    Medical records for Scott dated November 14th, 2014 clearly show that Rhonda Hance R.N., violated said code by:

    a.    Deliberately providing information incompatible with other credible evidence as to the condition of the patient at the time of presentation to Genesis Dewitt Emergency Department.

b.  Deliberately Failed to document correspondence from Genesis EMT-P, John Gilbert, to Genesis Dewitt Emergency Department regarding Scott's injuries.

c.  Deliberately Failed to document correspondence from Genesis EMT-P, John Gilbert, to Genesis Dewitt Emergency Department regarding the cause of Scott's injuries.

d.  Making documentations in Scott's medical records that are demonstrably false and conflict with other records provided by Genesis EMT-'s, John Gilbert, Dewayne Sutton and Joe Snodgrass, Dr.Bradley A. Bourkland M.D.,and Police reports dated November 14th, 2014.

e.  Knowingly making improper alterations of a medical records to assist Genesis Health Systems, Genesis Ambulance, John Gilbert , EMT-P, Jeffrey Schmitt, EMT-P and Jodi Jones, EMT-B, in avoiding liability for Scott's injuries.

f.  Failing to meet any other applicable practices in regards to  medical documentation, not specifically stated herein.

232.   The aforementioned breaches of duty and each of them were a proximate cause of injuries and damages to plaintiffs.

233.   Defendants' deprivation of plaintiff's federal rights as described above is willful,wanton and malicious entitling plaintiff to punitive damages against the individual Defendant

## COUNT 21: FALSIFICATION OF MEDICAL DOCUMENTS
### (against Bradley A. Bourkland M.D.)

**COME NOW**, the plaintiffs, Scott E. Jones and Shilo M. Jones, and in support of their cause of action against defendant Bradley A. Bourkland M.D., state:

234.   Plaintiffs repeat and reallege the allegations set forth in paragraph 1 through 128 and incorporate them by reference as though fully set forth herein.

235.   The Department of Health and Human Services Centers for Medicare and Medicaid Services 42 C.F.R. § 482.24(c)(1)(v)  affords that information in a patient's medical record must be legible, accurately complete with correct dates, times, and outcomes of interactions with patient.

236.   Medical records for Scott dated November 14th, 2014 clearly show that Bradley A. Bourkland, M.D., violated said code by:

    a.  Deliberately providing information incompatible with other credible evidence as to the condition of the patient at the time of presentation to Genesis Dewitt Emergency Department.

    b.  Deliberately Failed to document correspondence from Genesis EMT-P, John Gilbert, to Genesis Dewitt Emergency Department regarding Scott's injuries.

    c.  Deliberately Failed to document correspondence from Genesis EMT-P, John Gilbert, to Genesis Dewitt Emergency Department regarding the cause of Scott's injuries.

    d.  Making documentations in Scott's medical records that are demonstrably false and conflict with other records provided by Genesis EMT-'s, John Gilbert, Dewayne Sutton and Joe Snodgrass, Rhonda Hance R.N.,and Police reports dated November 14th, 2014.

    e.  Knowingly making improper alterations of a medical records to assist Genesis Health Systems, Genesis Ambulance, John Gilbert , EMT-P, Jeffrey Schmitt, EMT-P and Jodi Jones, EMT-B, in avoiding liability for Scott's injuries.

    f.  Failing to meet any other applicable practices in regards to  medical documentation, not specifically stated herein.

237.   The aforementioned breaches of duty and each of them were a proximate cause of injuries and damages to plaintiffs.

238.   Defendants' deprivation of plaintiff's federal rights as described above is willful,wanton and malicious entitling plaintiff to punitive damages against the individual Defendant

### COUNT 22: IMPROPER ALTERATION OF MEDICAL RECORDS
(against Dewayne Sutton, EMT-P)

**COME NOW**, the plaintiffs, Scott E. Jones and Shilo M. Jones, and in support of their cause of action against defendant, DeWayne Sutton, EMT-P., state:

239.   Plaintiffs repeat and reallege the allegations set forth in paragraph 1 through 128 and incorporate them by reference as though fully set forth herein.

240.   The Department of Health and Human Services Centers for Medicare and Medicaid Services 42 C.F.R. § 482.24(c)(1)(v)  affords that information in a patient's medical record must be legible, accurately complete with correct dates, times, and outcomes of interactions with patient.

241.    Ambulance Reports  for the transport of Scott dated November 14th, 2014 clearly
        show that defendant DeWayne Sutton, EMT-P., violated said code by:

   a.   Deliberately providing information incompatible with other credible evidence as to
        the condition of the patient at the time of contact.

   b.   Deliberately Failing to properly document correspondence from Genesis EMT-P,
        John Gilbert,regarding Scott's injuries.

   c.   Deliberately Failing  to document correspondence from Genesis EMT-P, John
        Gilbert, regarding the cause of Scott's injuries.

   d.   Deliberately making omission of response to the MVA involving Genesis
        Ambulance #1751 and assisting EMT-P, John Gilbert with the care of Scott due to
        injuries sustained in the accident.

   e.   Making documentations in Scott's medical records that are demonstrably false and
        conflict with other records provided by Genesis EMT-'s, John Gilbert, and Joe
        Snodgrass, Dr.Bradley A. Bourkland M.D., Rhonda Hance R.N.,and Police reports
        dated November 14th, 2014.

   f.   Knowingly making improper alterations of a medical records to assist Genesis
        Health Systems, Genesis Ambulance, John Gilbert , EMT-P, Jeffrey Schmitt,
        EMT-P and Jodi Jones, EMT-B, in avoiding liability for Scott's injuries.

   g.   Failing to meet any other applicable practices in regards to  medical
        documentation, not specifically stated herein.

242.    The aforementioned breaches of duty and each of them were a proximate cause of
        injuries and damages to plaintiffs.

243.    Defendants' deprivation of plaintiff's federal rights as described above is willful,wanton
        and malicious entitling plaintiff to punitive damages against the individual Defendant

### COUNT 23: IMPROPER ALTERATION OF MEDICAL RECORDS
(against Joe Snodgrass, EMT-P)

**COME NOW**, the plaintiffs, Scott E. Jones and Shilo M. Jones, and in support of
their cause of action against defendant, Joe Snodgrass, EMT-P., state:

244.    Plaintiffs repeat and reallege the allegations set forth in paragraph 1 through 128
        and incorporate them by reference as though fully set forth herein.

245.    The Department of Health and Human Services Centers for Medicare and Medicaid
        Services 42 C.F.R. § 482.24(c)(1)(v) affords that information in a patient's medical record
        must be legible, accurately complete with correct dates, times, and outcomes of
        interactions with patient.

246.    Ambulance Reports  for the transport of Scott dated November 14th, 2014 clearly
        show that defendant Joe Snodgrass, EMT-P., violated said code by:

   a.   Deliberately providing information incompatible with other credible evidence as to
        the condition of the patient at the time of contact.

   b.   Deliberately Failing to properly document correspondence from Genesis EMT-P,
        John Gilbert,regarding Scott's injuries.

   c.   Deliberately Failing  to document correspondence from Genesis EMT-P, John
        Gilbert, regarding the cause of Scott's injuries.

   d.   Deliberately making omission of response to the MVA involving Genesis
        Ambulance #1751 and assisting EMT-P, John Gilbert with the care of Scott due to
        injuries sustained in the accident.

   e.   Making documentations in Scott's medical records that are demonstrably false and
        conflict with other records provided by Genesis EMT-'s, John Gilbert, and Dewayne
        Sutton, Dr.Bradley A. Bourkland M.D., Rhonda Hance R.N.,and Police reports
        dated November 14th, 2014.

   f.   Knowingly making improper alterations of a medical records to assist Genesis
        Health Systems, Genesis Ambulance, John Gilbert , EMT-P, Jeffrey Schmitt,
        EMT-P and Jodi Jones, EMT-B, in avoiding liability for Scott's injuries.

   g.   Failing to meet any other applicable practices in regards to  medical
        documentation, not specifically stated herein.

247.    The aforementioned breaches of duty and each of them were a proximate cause of
        injuries and damages to plaintiffs

248.    .Defendants' deprivation of plaintiff's federal rights as described above is willful,wanton
        and malicious entitling plaintiff to punitive damages against the individual Defendant


### COUNT 24: IMPROPER ALTERATION OF MEDICAL RECORDS
(against Robert Baustian, EMT-P)


**COME NOW**, the plaintiffs, Scott E. Jones and Shilo M. Jones, and in support of

their cause of action against defendant, Robert Baustian, EMT-P., state:

249.    Plaintiffs repeat and reallege the allegations set forth in paragraph 1 through 128
and incorporate them by reference as though fully set forth herein.

250.    The Department of Health and Human Services Centers for Medicare and Medicaid
Services 42 C.F.R. § 482.24(c)(1)(v) affords that information in a patient's medical record
must be legible, accurately complete with correct dates, times, and outcomes of
interactions with patient.

251.    Ambulance Reports for the transport of Scott dated November 14th, 2014 clearly
show that defendant Robert Baustian, EMT-P., violated said code by:

   a.   Deliberately providing information incompatible with other credible evidence as to
        Scott's condition and treatment by Genesis Ambulances #1751 and #1752.

   b.   Making revisions to Genesis Ambulance #1751 and 1752 Run Reports from the
        transportation of Scott on November 14th, 2014 and failing to preserve original
        documentation as required by protocol and law.

   c.   Deliberately removed documentation of Genesis Ambulance #1752's response to
        the MVA which occurred on November 14th, 2014 at approximately 14:30 involving
        Genesis Ambulance #1751 and Genesis EMT's John Gilbert, Jodi Jones and
        Jeffrey Schmitt which caused serious injury to Scott.

   d.   Knowingly making improper alterations of a medical records to assist Genesis
        Health Systems, Genesis Ambulance, John Gilbert , EMT-P, Jeffrey Schmitt,
        EMT-P and Jodi Jones, EMT-B, in avoiding liability for Scott's injuries.

   e.   Failing to recognize inaccuracies in information and times presented in Genesis
        Ambulance #1752 Run Report for the November 14th, 2014 transport of Scott.

   f.   Failing to meet any other applicable practices in regards to medical
        documentation, not specifically stated herein.

252.    The aforementioned breaches of duty and each of them were a proximate cause of
injuries and damages to plaintiffs.

253.    Defendants' deprivation of plaintiff's federal rights as described above is willful,wanton
and malicious entitling plaintiff to punitive damages against the individual Defendant

As a result of Defendant's Conduct, Plaintiff Has suffered, and continues to suffer
great pain of mind and body, shock, emotional distress, physical manifestations of emotional
distress, embarrassment, loss of self esteem, disgrace, humiliation, and loss of enjoyment of life;
was prevented and will continue to be prevented from performing daily activities and obtaining the

full enjoyment of life; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

## COUNT 25: LOSS OF CONSORTIUM

**COME NOW** the plaintiffs, Scott E. Jones and Shilo M. Jones, and in support of their cause of action against defendant, Genesis Health Systems, Genesis Ambulance Services, Kim Bush R.N., Rhonda Hance, R.N., Bradley A. Bourkland M.D., Jodi Jones, EMT-B, John Gilbert, EMT-P, Jeffrey Schmitt, EMT-P, Joe Snodgrass, EMT-P, Dewayne Sutton, EMT-P, Robert Baustian, EMT-P,ECHO, LTD, state:

254.    Plaintiffs repeat and reallege the allegations set forth in paragraph 1 through 228 and incorporate them by reference as though fully set forth herein.

255.    At the time of the accident complained of in the plaintiff's Complaint, the plaintiff's Scott E. Jones and Shilo M. Jones were married since November 27th, 1996 and that the plaintiff's continue to be married to date.

256.    That as a result of the wrongful and negligent acts of the defendants ,Genesis Health Systems, Genesis Ambulance Services, Kim Bush R.N., Rhonda Hance, R.N., Bradley A. Bourkland M.D., Jodi Jones, EMT-B, John Gilbert, EMT-P, Jeffrey Schmitt, EMT-P, Joe Snodgrass, EMT-P, Dewayne Sutton, EMT-P, Robert Baustian, EMT-P,ECHO, LTD, and each of them, the plaintiffs were caused to suffer, and will continue to suffer in the future, loss of consortium, loss of society, affection, assistance, and conjugal fellowship, all to the detriment of their marital relationship.

257.    Thal all the aforesaid injuries and damages were caused solely and proximately by the negligence of the defendant's.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray that this Court conduct a jury trial on their claims, enter judgment in the plaintiff's behalf for the amount of $1,200,000.00 for plaintiff's actual damages compensatory damages,and punitive damages against Defendants,grant such declaratory and injunctive relief as is necessary and appropriate to remedy the wrongs alleged herein; award plaintiff actual damages compensatory damages,punitive damages; and grant such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

The above named Defendant is hereby notified that Plaintiff's do hereby demand a trial by jury on all issues presented in their Complaint.

*Scott E Jones*

Scott E. Jones, plaintiff, pro se

603 9th ave W

Milan Il 61264

(563) 676-6562

Jonea778@mediacombb.net

*Shilo Marie Jones*

Shilo M. Jones, plaintiff, pro se

603 9th ave W

Milan Il 61264

(563) 676-6562

Jonea778@mediacombb.net

I certify under penalty of perjury and pursuant to the laws of the state of Iowa that the preceding is true and correct.

*11/8/16*

Date

*Shilo M Jones*   *Scott E Jones*

Shilo M. Jones    Scott E. Jones

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**

Scott Edward Jones, plaintiff, pro se,
Shilo Marie Jones, plaintiff, pro se

             Vs.                                     **COMPLAINT**

Genesis Health System, a corporation,

ECHO L.T.D, a corporation, Genesis Ambulance

Services, a corporation, Rhonda Hance, R.N.,

Kim Bush, R.N., Bradley A. Bourkland, M.D.,

Jodi Jones, EMT, Joe Snodgrass, EMT,

John Gilbert, EMT, Dewayne Sutton, EMT,

Jeffrey Schmitt, EMT, Robert Baustian,

       defendants,

**Parties**
(In item A below, place your name in the first blank and place your present address and telephone number in the second blank. In the third blank write the state where your home is ("Home State"). In item B below, do the same for additional plaintiffs, if any.)

A.   Name of Plaintiff  Scott Edward Jones

Address & Telephone Number  603 9th Ave West, Milan, Ill 61264
(563) 676-6562

Home State  Illinois

B.   Additional Plaintiffs (include addresses, telephone numbers and home state for each)

Shilo Marie Jones  (563) 676-6562
603 9th Ave West, Milan, Ill 61264 - Illinois

(In item C below, place the **FULL** name of the defendant in the first blank place, the address and telephone number for the defendant in the second blank. In the third blank, write the state in which the defendant has his/her home. If the defendant is a corporation, list the location of its home office, and the state where it is incorporated, if known. If the defendant is a government agency, simply name it. In item D, do the same for additional defendants, if any.)

C.   Name of defendant Genesis Medical Center
(563) 421-1000
Address & Telephone Number  1227 E. Rusholme St, Davenport IA, 52803

Home State  Iowa

D.   Additional Defendants (include addresses, telephone numbers and home state for each)
(800) 309-792-7056
Echo, LTD · 801 Illini Dr, Silvis, Illinois 61282   Illinois
(563) 659-4200
Rhonda Hance R.N. 1118 11th st, De Witt, IA 52742 (work address)
(563) 659-4200
Kim Bush R.N. 1118 11th st, De Witt, IA 52742 (work)
(563) 659-4200
Bradley A. Bouckland 1118 11th st, De Witt, IA 52742 (work)

**STATEMENT OF CLAIM**

PARTIES CONTINUED:

DEFENDANTS:
Jodi Jones, EMT
(309)281-2770, (employer address)  Genesis Ambulance 801 Illini Dr.,  Silvis, Il 61282
Home State: Unknown

John Gilbert, EMT
(309)281-2770, (employer address)  Genesis Ambulance 801 Illini Dr.,  Silvis, Il 61282
Home State: Unknown

Joe Snodgrass, EMT
(309)281-2770, (employer address)  Genesis Ambulance 801 Illini Dr.,  Silvis, Il 61282
Home State: Unknown

Dewayne Sutton,
(309)281-2770, (employer address)  Genesis Ambulance 801 Illini Dr.,  Silvis, Il 61282
Home State: Unknown

Jeffrey Schmitt,  EMT
(309)281-2770, (employer address)  Genesis Ambulance 801 Illini Dr.,  Silvis, Il 61282
Home State:Unknown

Robert Baustian,
(309)281-2770, (employer address)  Genesis Ambulance 801 Illini Dr.,  Silvis, Il 61282
Home State: Unknown

Genesis Ambulance Services:
(309)281-2770, 801 Illini Dr, Silvis, Il 61282
Home State: Illinois

(State here as briefly as possible the **FACTS** of your case.  You **MUST** state EXACTLY what
each defendant personally did, or failed to do, which resulted in harm to you.  State the date
**AND** place of all events.  Attach an extra sheet if necessary, and write the heading "Part II
Continued" at the top of the sheet.  Keep to the facts.  Do not give any legal arguments or cite
any cases.)

On November 14th, 2014 Scott Jones was taken to
Genesis Medical Center DeWitt, E.D for treatment of Respiratory
Failure. Scott was being transported from Genesis DeWitt. E.D.
to U of I, Hospitals in Iowa City Iowa when the
Genesis Ambulance was involved in a Collision.
Scott was injured in the accident due to improper
restraint to the gurney and was Returned to
Genesis DeWitt E.D. with a documented injury.

(If you know, **BRIEFLY** state what **SPECIFIC** law of constitutional provisions defendant(s)
violated.)

42 U.S. Code § 1395dd - EMTALA

U.S. Code  45 C.F.R. § 164.508

U.S. Code  45 C.F.R. § 164.526

**RELIEF**

Part II continued…

Following return to the Genesis DeWitt, E.D. The treatment being provided to Scott by paramedics for a documented injury ceased, and Scott was transferred unstabilized without appropriate Emergency Medical Screening or care of injuries caused by Genesis staffs Negligence. This transfer caused further deterioration of Scott's injuries.

It is our claim that:

Kim Bush R.N.had contact with Scott and Shilo Jones as a medical care provider at Genesis Medical Center DeWitt, Iowa, Emergency Department On the date of November 14th, 2014. Prior to and following  a Motor Vehicle accident involving Genesis Ambulance and Genesis personnel.

1. Failed to recognize Scott was in physical distress.
2. Failed to document known Emergency Medical Condition (EMC) following a motor vehicle collision involving Genesis Ambulance
3. Failed to provide appropriate triage assessment.
4. Failed to recognize and document seizure activity.
5. Failed to complete mandatory reporting of an accident that resulted in patients harm.
6. Failed to provide proper care of a patient in an emergency situation.
7. Failed to continue emergency medical treatment being provided for stabilization of known Emergency Medical Condition.
8. Failed to expend the time and effort needed to fully appreciate all of Scott's injuries and their magnitude.
9. Failed to properly document patient care, treatment, and emergency personals correspondence.
10. Deviated from known procedures and protocols without good medical reason to do so.
11. Failed to administer a standard level of care.
12. Had a conscious disregard for Scotts safety and health
13. Intentionally inflicted emotional distress.

Rhonda Hance R.N. had contact with Scott and Shilo Jones as a medical care provider at Genesis Medical Center DeWitt, Iowa, Emergency Department On the date of November 14th, 2014. Prior to and following  a Motor Vehicle accident involving Genesis Ambulance and Genesis personnel.

1. Failed to recognize Scott was in physical distress
2. Failed to document known Emergency Medical Condition (EMC) following a motor vehicle collision involving Genesis Ambulance
3. Failed to provide appropriate triage assessment.
4. Failed to recognize and document seizure activity.
5. Failed to complete mandatory reporting of an accident that resulted in patients harm.
6. Failed to provide proper care of a patient in an emergency situation.

7. Failed to continue emergency medical treatment being provided for stabilization of known Emergency Medical Condition by EMT's.

8. Failed to expend the time and effort needed to fully appreciate all of Scott's injuries and their magnitude.

9. Failing to accurately document, assess, evaluate, or report the status of a patient.

10. Failed to document emergency personnel's correspondence regarding patient injuries.

11. Deviated from known procedures and protocols without good medical reason to do so.

12. Making an omission that adversely affected plaintiffs welfare.

13. Misrepresented pertinent facts.

14. Altered and falsified medical records.

15. Intentionally violated Scott and Shilo's religious beliefs.

16. Acted in a manner deliberate to causing physical, emotional and financial injury.

17. Failed to administer a standard level of care.

18. Caused an unreasonable delay in medical treatment.

19. Failed to obtain informed consent for transfer.

20. Had a conscious disregard for Scotts safety and health

21. Intentionally inflicted emotional distress.

Bradley A. Bourkland M.D. had contact with Scott and Shilo Jones as a medical care provider at Genesis Medical Center DeWitt, Iowa, Emergency Department On the date of November 14th, 2014. Prior to and following  a Motor Vehicle accident involving Genesis Ambulance and Genesis personnel.

1. Failed to recognize Scott was in physical distress.

2. Failed to continue emergency medical treatment being provided for stabilization of known Emergency Medical Condition by EMT's.

3. Failed to provide an appropriate Medical Screening Examination in accordance with EMTALA guidelines.

4. Failed to recognize the substantial risk that Scott's condition and injuries would deteriorate during transfer without stabilizing treatment.

5. Failed to expend the time and effort needed to fully appreciate all of Scott's medical issues, injuries and their magnitude.

6. Failed to order necessary  testing to identify an Emergency Medical Condition.

7. Showed a deliberate indifference to Scott and his needs as an injured person seeking medical attention.

8. Failed to complete mandatory reporting of an accident that resulted in patients harm.

9. Misrepresented pertinent facts.

10. Failed to acknowledge and act with reasonable promptness causing an unreasonable delay in medical treatment.

11. Deviated from known procedures and protocols without good medical reason to do so.
12. Failed to provide proper supervision of Emergency Department Staff in an emergency situation.
13. Failed to obtain informed  consent from patient before proceeding with transportation.
14. Making an omission that adversely affected plaintiffs welfare
15. Acted in a manner deliberate to causing physical, emotional and financial injury.
16. Failed to diagnose, treat, and stabilize Scott for an Emergency Medical Condition.
17. Failed to provide appropriate medical equipment for transfer.
18. Had a conscious disregard for Scotts safety and health.
19. Intentionally inflicted emotional distress.

Jodi Jones, EMT: On the date of November 14th, 2014, had contact with Scott and Shilo Jones, as an Emergency Medical Technician, at Genesis Medical Center DeWitt Emergency Department and Genesis Ambulance #1751.

1. Failing to accurately document, assess, evaluate, or report the status of a patient.
2. Deviated from known procedures and protocols without good medical reason to do so.
3. Making an omission that adversely affected plaintiffs welfare.
4. Breached the duty of standard of care.
5. Failing to ensure patients safety during transport.
6. Failed to ensure the presence of adequate and functional equipment.
7. Failed to complete mandatory reporting of an accident that resulted in patients harm
8. Failed to administer a standard level of care
9. Deviated from known procedures and protocols without good medical reason to do so causing patient harm.
10. Making an omission that adversely affected plaintiffs welfare
11. Failed to provide proper care care of a patient in an emergency situation for critical injuries.
12. Altered and falsified medical records
13. Had a conscious disregard for Scotts safety and health
14. Intentionally inflicted emotional distress.

John Gilbert, EMT: On the date of November 14th, 2014, had contact with Scott and Shilo Jones, as an Emergency Medical Technician, at Genesis Medical Center DeWitt Emergency Department and Genesis Ambulance #1751.

1. Failing to accurately document, assess, evaluate, or report the status of a patient.
2. Deviated from known procedures and protocols without good medical reason to do so.
3. Making an omission that adversely affected plaintiffs welfare.

4. Breached the duty of standard of care.Failing to ensure patients safety during transport.
5. Failed to ensure the presence of adequate and functional equipment.
6. Failed to properly document communications with medical control.
7. Had a conscious disregard for Scotts safety and health
8. Failed to complete mandatory reporting of an accident that resulted in patients harm.
9. Failed to administer a standard level of care
10. Deviated from known procedures and protocols without good medical reason to do so causing patient harm.
11. Making an omission that adversely affected plaintiffs welfare
12. Failed to provide proper care care of a patient in an emergency situation for critical injuries.
13. Altered and falsified medical records
14. Failed to document amendments to Run Report in accordance to local protocol.
15. Had a conscious disregard for Scotts safety and health
16. Intentionally inflicted emotional distress.

Jeffrey Schmitt, EMT: On the date of November 14th, 2014, had contact with Scott and Shilo Jones, as an Emergency Medical Technician, at Genesis Medical Center DeWitt Emergency Department and Genesis Ambulance #1751.

1. Failing to accurately document, assess, evaluate, or report the status of a patient.
2. Deviated from known procedures and protocols without good medical reason to do so.
3. Making an omission that adversely affected plaintiffs welfare.
4. Breached the duty of standard of care.
5. Failing to ensure patients safety during transport.
6. Failed to properly document communications with medical control.
7. Failed to ensure the presence of adequate and functional equipment.
8. Failed to complete mandatory reporting of an accident that resulted in patients harm
9. Failed to administer a standard level of care
10. Deviated from known procedures and protocols without good medical reason to do so causing patient harm.
11. Making an omission that adversely affected plaintiffs welfare
12. Failed to provide proper care care of a patient in an emergency situation for critical injuries.
13. Altered and falsified medical records
14. Failed to document amendments to Run Report in accordance to local protocol.
15. Violated patient privacy and confidentiality rights.
16. Had a conscious disregard for Scotts safety and health
17. Intentionally inflicted emotional distress.

Joe Snodgrass, EMT: On the date of November 14th, 2014, had contact with Scott and Shilo Jones, as an Emergency Medical Technician, at Genesis Medical Center DeWitt Emergency Department and Genesis Ambulance #1752.

1. Failing to accurately document, assess, evaluate, or report the status of a patient.
2. Deviated from known procedures and protocols without good medical reason to do so.
3. Making an omission that adversely affected plaintiffs welfare.
4. Breached the duty of standard of care.
5. Failing to ensure patients safety during transport.
6. Failed to ensure the presence of adequate and functional equipment.
7. Failed to properly document communications with medical control.
8. Failed to ensure the presence of adequate and functional equipment.
9. Failed to complete mandatory reporting of an accident that resulted in patients harm
10. Failed to administer a standard level of care
11. Deviated from known procedures and protocols without good medical reason to do so.
12. Making an omission that adversely affected plaintiffs welfare
13. Failed to provide proper care care of a patient in an emergency situation for critical injuries.
14. Altered and falsified medical records
15. Failed to document amendments to Run Report in accordance to local protocol.
16. Failed to notify receiving hospital of change in patient's condition.
17. Causing an unreasonable delay in medical treatment.
18. Had a conscious disregard for Scotts safety and health
19. Intentionally inflicted emotional distress.

Dewayne Sutton, EMT: On the date of November 14th, 2014, had contact with Scott and Shilo Jones, as an Emergency Medical Technician, at Genesis Medical Center DeWitt Emergency Department and Genesis Ambulance #1752.

1. Failing to accurately document, assess, evaluate, or report the status of a patient.
2. Deviated from known procedures and protocols without good medical reason to do so.
3. Making an omission that adversely affected plaintiffs welfare.
4. Breached the duty of standard of care.
5. Failing to ensure patients safety during transport.
6. Failed to ensure the presence of adequate and functional equipment.
7. Failed to properly document communications with medical control.
8. Failed to ensure the presence of adequate and functional equipment.
9. Failed to complete mandatory reporting of an accident that resulted in patients harm
10. Failed to administer a standard level of care

11. Deviated from known procedures and protocols without good medical reason to do so.
12. Making an omission that adversely affected plaintiffs welfare
13. Failed to provide proper care care of a patient in an emergency situation for critical injuries.
14. Altered and falsified medical records
15. Failed to document amendments to Run Report in accordance to local protocol.
16. Failed to notify receiving hospital of change in patient's condition.
17. Causing an unreasonable delay in medical treatment.
18. Had a conscious disregard for Scotts safety and health
19. Intentionally inflicted emotional distress.

Robert Baustian, Had access to plaintiff Scott's Medical Records dated November 14th, 2014 from Genesis Ambulances #1751 and # 1752 and Genesis Medical Center.
1. Failed to notice numerous material deficiencies in Scott's medical record and Ambulance Run Reports.
2. Failed to document amendments to Run Report in accordance to local protocol.
3. Failed to complete mandatory reporting of an accident that resulted in patients harm
4. Making an omission that adversely affected plaintiffs welfare
5. Altered and falsified medical records.
6. Had a conscious disregard for Scotts safety and health
7. Intentionally inflicted emotional distress.
8. Deviated from known procedures and protocols causing patient harm.

Genesis Medical Center,  Is a hospital located in DeWitt Iowa providing Emergency Medical care, Scott was seen in the Emergency Department of Genesis Dewitt, Iowa campus  on November 14th, 2014.
1. Failed to provide an assessment of known injuries sustained in a MVC within the capabilities of the hospital;
2. Failed to provide testing for known injuries sustained by Scott in MVC in accordance with hospital rules and regulations;
3. Failed to provide an appropriate MSE by qualified personnel under the direct supervision of a member of the medical staff;
4. Failed to provide the same screening it affords to other patients with similar perceived conditions to those Scott presented;
5. Otherwise failed to provide an appropriate screening under EMTALA.
6. Failed to properly train and supervise Emergency Department staff
7. Failed to properly train Emergency Medical Technician staff.
8. Failed to properly train staff in HIPAA procedures and protocols.
9. Employed Bradley A. Bourkland M.D. knowing he had a propensity for conduct which may result in patient injuries.

(State briefly **EXACTLY** <u>what you want the Court to do for you.</u> Make no legal arguments.
Cite no cases or statutes.)

We are asking for a jury trial in which to decide facts and award monetary damages against defendants in the amount of $1,200,000.00. (one million, two hundred thousand)

**Signature(s) of Plaintiff(s)**

Signed this ___8th___ day of ___November___, 2016.

___Scott E. Jones___
(Signature of Plaintiff)

___Shilo M. Jones___

___(563) 676-6562___
(Area Code)-Telephone Number

___(563) 676-6562___